

**ORDERED in the Southern District of Florida on May 21, 2025.**

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ECI PHARMACEUTICALS LLC,                         Case No. 24-14430-SMG

     Debtor.                                         Chapter 11 (Subchapter V)

_____/

In re:                                            Case No. 24-14431-SMG

BIORAMO, LLC,                                     Chapter 11 (Subchapter V)

     Debtor.                                         Jointly administered

_____/

ACUTE INC., GENETIC NETWORKS LLC,
and DR. RAJU'S PHARMA SOLUTIONS, LLC,

     Plaintiffs,

     v.                                            Adv. No. 25-01048-SMG

ECI PHARMACEUTICALS LLC, BIORAMO,
LLC, ECI LIQUIDATING TRUST, and
KATIE GOODMAN, as Liquidating Trustee,

     Defendants.

_____/

**ORDER (I) DENYING MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION, BUT (II) STAYING
<u>ADVERSARY PROCEEDING PENDING OUTCOME OF APPEAL</u>**

Bankruptcy Code section 1144 permits a party in interest to request the court revoke a chapter 11 confirmation order if it was procured by fraud. That request must be brought within 180 days of the confirmation order's entry. The plaintiffs here timely filed a complaint seeking that relief. But one of those plaintiffs, Acute, Inc., had previously appealed the confirmation order on another basis – that it improperly approved nonconsensual third-party releases. Because that appeal is still pending, the defendants seek to dismiss this adversary proceeding for lack of subject matter jurisdiction based on the "divestiture rule."

As the Supreme Court stated in *Griggs v. Provident Consumer Discount Co.*, "a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[1] But 28 U.S.C. §§ 1334(b) and 157(a), together with the District Court's general order of reference, plainly grant this Court subject matter jurisdiction over the timely-filed complaint. The Court must therefore reconcile the judicially created divestiture rule with the Congressional grant of jurisdiction.

For the reasons discussed below, the Court concludes that the defendants overstate the jurisdictional nature of the divestiture rule, at least insofar as it pertains to a bankruptcy court's authority to adjudicate certain matters when there is a pending appeal. The divestiture rule is not truly jurisdictional, and this Court

---

[1] 459 U.S. 56, 58 (1982).

does not lack subject matter jurisdiction over this adversary proceeding. But, due to the current posture of this bankruptcy case – and as a matter of comity and deference to the District Court with respect to the pending appeal – under the authority of 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 7016(b)(3), the Court will stay this adversary proceeding pending the resolution of the appeal.

## I.    BACKGROUND.

Debtors ECI Pharmaceuticals LLC and BioRamo LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on May 3, 2024.[2] On August 30, 2024, the Court approved a sale of substantially all of the debtors' assets to Acute.[3] The sale still has not closed, and Acute has appealed the sale order.[4] That appeal is still pending.[5] On October 22, 2024, the Court then held a hearing to consider confirmation of the debtors' joint chapter 11 plan of liquidation.[6] No written objections to confirmation were filed, and no party objected at the confirmation hearing. In fact, Acute did not even appear at the confirmation hearing. On October 24, 2024, the Court entered an order confirming the plan.[7]

Acute then appealed the confirmation order.[8] The issue presented in that appeal – as stated by Acute in its statement of the issues under Federal Rule of

---

[2] Case No. 24-14430-SMG (Main Case), ECF No. 1. On their petitions, they both elected to have Subchapter V of Chapter 11 apply to their cases.
[3] Main Case, ECF No. 193.
[4] Main Case, ECF No. 257.
[5] *Acute, Inc. v. ECI Pharmaceuticals, LLC*, Case No. 0:24-cv-61915-RAR (S.D. Fla.). ECI has moved to dismiss the appeal. The motion to dismiss has been fully briefed, but not yet decided. In light of the pending motion to dismiss, the District Court then extended Acute's deadline to file its initial brief on the merits until ten days after it rules on that motion to dismiss.
[6] Main Case, ECF No. 170.
[7] Main Case, ECF No. 296.
[8] Main Case, ECF No. 301.

Bankruptcy Procedure 8009(a)(1)(A) – is whether this Court erred in confirming a plan that included certain allegedly inappropriate exculpation and injunction provisions.[9] That appeal remains pending as well.[10]

The plan was premised on the sale of substantially all of the debtors' assets being used to fund distributions to creditors. Because the sale has not yet closed, the plan has not been substantially consummated.[11] Indeed, on January 17, 2025, the debtors served a notice of termination of the asset purchase agreement on Acute.[12] Acute disputes the validity of the termination notice.[13] Until either the debtors and Acute agree to resolve their differences or the appeals are decided, this case is at an effective standstill.

## II.    THIS ADVERSARY PROCEEDING.

On February 26, 2025, Acute – together with creditors Genetic Networks LLC, and Dr. Raju's Pharma Solutions, LLC – commenced this adversary proceeding under

---

[9] Main Case, ECF No. 312.

[10] *Acute, Inc. v. ECI Pharmaceuticals, LLC*, Case No. 0:24-cv-62112-RAR (S.D. Fla.). The appeal of the confirmation order has since been consolidated with the earlier appeal of the sale order, under Case No. 0:24-cv-61915-RAR (S.D. Fla.). ECI then moved to dismiss this appeal as well. That motion to dismiss has also been fully briefed, but not yet decided. The District Court then extended Acute's deadline to file its initial brief on the merits of this appeal until fourteen days after it rules on that motion to dismiss.

[11] As defined in 11 U.S.C. § 1101(2), "substantial consummation" means—
      (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
      (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
      (C) commencement of distribution under the plan.

[12] Main Case, ECF No. 325.

[13] Main Case, ECF No. 327.

11 U.S.C. § 1144, seeking to revoke the confirmation order alleging that it was procured by fraud.[14] Section 1144 provides in relevant part that:

> On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud.[15]

The defendants – debtors ECI and BioRamo, the ECI Liquidating Trust created by the plan, and Katie Goodman, the liquidating trustee under the plan – moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6)[16] and sought sanctions against Acute and its attorney for allegedly vexatious litigation practices.[17]

As grounds for dismissal, the defendants argue first that Acute's pending appeal of the confirmation order divests this Court of jurisdiction to grant the relief requested. Secondly, they argue that the complaint fails to state a claim sufficiently alleging fraud. The plaintiffs oppose dismissal, arguing that both the issues and remedies sought in the pending appeal are different from those raised in this adversary proceeding.[18] They argue that the appeal concerns whether the Court improperly approved non-consensual third-party releases in the confirmation order,[19]

---

[14] ECF No. 1.

[15] 11 U.S.C. § 1144. Because it is set by statute, the 180-day deadline cannot be extended. *See In re Calpine Corp.*, 389 B.R. 323, 324 (S.D.N.Y. 2008) (declining to equitably toll the section 1144 deadline due to a "pending appeal"); *cf. In re Majestic Gardens Condo. C Ass'n, Inc.*, 637 B.R. 755, 756 (Bankr. S.D. Fla. 2022) (Federal Rule of Bankruptcy Procedure 9006(b)(1) cannot be used to extend a statutory deadline).

[16] Made applicable here by Federal Rule of Bankruptcy Procedure 7012.

[17] ECF No. 7.

[18] ECF No. 12.

[19] *See Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071 (2024).

whereas this adversary proceeding seeks to determine whether the confirmation order was procured by fraud.

## III.   DISCUSSION.

### A.   Bankruptcy Jurisdiction Generally.

The Court begins its analysis – as it must – with the question of jurisdiction. Under 28 U.S.C. § 1334(a), district courts have original and exclusive jurisdiction of all cases under the Bankruptcy Code.[20] And under 28 U.S.C. § 1334(b), district courts have original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code.[21] 28 U.S.C. § 157(a) then provides that each district court may refer any or all of its cases under the Bankruptcy Code and any or all proceedings arising under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code to the bankruptcy judges for the district.[22] The District Court has done so here through its standing *Order of Reference*.[23] Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to them under section 157.[24]

"A proceeding 'arising under' the Bankruptcy Code is 'one based in a provision of the Bankruptcy Code itself.'"[25] Here, this adversary proceeding is based solely on

---

[20] 28 U.S.C. § 1334(a).
[21] 28 U.S.C. § 1334(b).
[22] 28 U.S.C. § 157(a).
[23] Dist. Ct. Admin. Order 2024-84 (Nov. 1, 2024); *see also* Dist. Ct. Loc. R. 87.2.
[24] 28 U.S.C. § 158(a).
[25] *In re Jimenez*, 627 B.R. 536, 540–41 (Bankr. S.D. Fla. 2021) (quoting *Brit. Am. Ins. Co. Ltd. v. Fullerton (In re Brit. Am. Ins. Co. Ltd.)*, 600 B.R. 890, 894 (Bankr. S.D. Fla. 2019) (citing *Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999))).

11 U.S.C. § 1144 – a provision of the Bankruptcy Code itself. Thus, under 28 U.S.C. § 1334(b), the District Court for this district has subject matter jurisdiction. And under 28 U.S.C. § 157(a) and the order of reference, this adversary proceeding has been referred to this Court. Under the statutory jurisdictional analysis, this Court does have subject matter jurisdiction over this adversary proceeding.

**B.    The Divestiture Rule.**

1.    Is it Truly "Jurisdictional"?

The pending appeal of the confirmation order, however, complicates this otherwise straightforward analysis. That is because under the judicially created "divestiture rule,"[26] "[t]he filing of a notice of appeal generally 'confers jurisdiction on the [appellate court] and divests the [trial] court of its control over those aspects of the case involved in the appeal.'"[27] As stated by the First Circuit:

> But because the judge-made divestiture rule isn't based on a statute, it's not a hard-and-fast jurisdictional rule. . . . The rule, rather, is rooted in concerns of judicial economy, crafted by courts to avoid the confusion and inefficiency that would inevitably result if two courts at the same time handled the same issues in the same case. . . . Hence its application turns on concerns of efficiency and isn't mandatory.[28]

When it does apply, the divestiture rule is often easier to implement for an appeal from a district court to the court of appeals. In bankruptcy cases, however, its application is more nuanced.[29] This is because "[a] bankruptcy case encompasses

---

[26] *In re Old Cold, LLC*, 602 B.R. 798, 823 (B.A.P. 1st Cir. 2019), *aff'd sub nom. In re: Old Cold, LLC*, 976 F.3d 107 (1st Cir. 2020).

[27] *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (quoting *Griggs*, 459 U.S. at 58).

[28] *U.S. v. Rodriguez-Rosado*, 909 F.3d 472, 477–78 (1st Cir. 2018) (internal citations omitted).

[29] *See In re Sabine Oil & Gas Corporation*, 548 B.R. 674, 679 (Bankr. S.D.N.Y. 2016) ("Courts have . . . recognized a distinction in the divestment of jurisdiction between acts undertaken to enforce the judgment and acts which expand upon or alter it; the former being permissible and the latter

numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'"[30] As the Supreme Court explained in *Ritzen Group, Inc. v. Jackson Masonry, LLC*,[31] "[d]elaying appeals from discrete, controversy-resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes."[32] This could result in the "untoward consequence [that] [r]eversal of a decision made early on could require the bankruptcy court to unravel later adjudications rendered in reliance on an earlier decision."[33]

For this reason, in 28 U.S.C. § 158(a) "Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case."[34] Thus, the first part of the divestiture rule – conferring jurisdiction on the appellate court – is consistent with the jurisdiction-granting statute. But the second part of the divestiture rule – that the trial court is divested "of its control over those aspects of the case involved in the appeal"[35] – should not be thought of in precisely the same vein. After all, "the Constitution unambiguously confers" the power to grant jurisdiction to federal courts "to the sound discretion of

---

prohibited. . . . The application of the distinction in the case law between acts of enforcement and acts of alteration 'is most germane in the context of a Chapter 11 bankruptcy case which involves the court's issuance of innumerable orders involving a myriad of issues, one or more of which may be on appeal at any given moment.'") (quoting *Dicola v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. (In re Prudential Lines, Inc.)*, 170 B.R. 222, 243 (S.D.N.Y.1994)).

[30] *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)).

[31] *Id.*

[32] *Id.*

[33] *Id.* at 39.

[34] *Id.* (cleaned up); *see In re G-I Holdings, Inc.*, 568 B.R. 731, 763 (Bankr. D.N.J. 2017) ("due to the inherent nature of bankruptcy cases, 'discrete controversies within the overall case framework may often deserve separate appellate consideration.'") (quoting *Bank of N.Y. Tr. Co. NA v. Pac. Lumber Co. (In re Scopac)*, 624 F.3d 274, 280 (5th Cir. 2010), *opinion modified on denial of reh'g*, 649 F.3d 320 (5th Cir. 2011)).

[35] *Griggs*, 459 U.S. at 58.

Congress."[36] "And when Congress grants subject matter jurisdiction, no other entity . . . can divest a federal court of the same."[37] In 28 U.S.C. § 158(a) Congress granted subject matter jurisdiction to district courts to hear appeals from bankruptcy courts. But nothing in the statute actually provides for the divestiture of the bankruptcy court's jurisdiction.

There are certainly good reasons for the divestiture rule. But to call it jurisdictional is a misnomer.[38] Indeed, the Supreme Court itself – recognizing its "past sometimes-loose use of the word" – has acknowledged the need "to bring some discipline" to how it uses the term "jurisdiction."[39] Perhaps a better construct, then, is to consider the divestiture rule one of comity or deference, rather than jurisdiction. As such, the divestiture rule is still an important doctrine of judicial economy that courts must carefully consider and apply; it just doesn't speak to the power of a court to hear a matter.[40]

---

[36] *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)); *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction.") (citing U.S. Const., Art. III, § 1); *Hamer v. Neighborhood Hous. Services of Chi.*, 583 U.S. 17, 19 (2017); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 666 (10th Cir. 2020) ("the scope of a federal court's subject matter jurisdiction is governed exclusively by acts of Congress.").

[37] *Elna Sefcovic*, 953 F.3d at 666 (citing *Marshall v. Marshall*, 547 U.S. 293, 313 (2006)); *see Patchak v. Zinke*, 583 U.S. 244, 252 (2018) ("Congress' greater power to create lower federal courts includes its lesser power to 'limit the jurisdiction of those Courts.'") (quoting *U.S. v. Hudson*, 11 U.S. 32, 33 (1812)).

[38] *See Rodriguez-Rosado*, 909 F.3d at 477–78; *In re CG Acquisitions, LLC*, 2023 WL 6396661, at *2 (E.D. Mich. 2023) ("Therefore, the divestiture rule, like court-adopted rules, do not delineate what cases or issues 'courts are competent to adjudicate.' . . . As the rule is not, in fact, jurisdictional, it cannot be said that the bankruptcy court lacked jurisdiction to confirm the Bankruptcy Plan because it did so while this appeal was pending.") (quoting *Kontrick*, 540 U.S. at 454); *Old Cold*, 602 B.R. at 822 ("The divestiture of jurisdiction rule is, however, not a per se rule.") (quoting *U.S. v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996)).

[39] *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298 (2023) (citing *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

[40] *See id.*

2.      <u>Application of the Divestiture Rule</u>.

Here the confirmation order finally disposed of a discrete dispute within the larger bankruptcy case – confirmation of the debtors' joint chapter 11 plan of liquidation.[41] Acute appealed the confirmation order, challenging whether the plan's injunctive and exculpation provisions apply to it and if so, whether those provisions were permissible after the Supreme Court's 2024 decision in *Harrington v. Purdue Pharma L.P.*[42] As a remedy, Acute argues that it seeks to vacate the confirmation order. This adversary proceeding – while also stemming from the confirmation order – raises the separate issue of whether confirmation was procured by fraud. The remedy the plaintiffs seek here – under section 1144 – is to revoke the confirmation order.

The plaintiffs make much of the difference between the remedies Acute seeks on appeal of the confirmation order (vacatur) and the relief the plaintiffs seek in this adversary proceeding (revocation). There is no material distinction between these two terms,[43] but that is beside the point. The point is that the fraud allegation is separate from – and not implicated at all in – the appeal over the propriety of the plan's injunctive and exculpation provisions. Although both disputes emanate from the same order, they are discrete issues.[44]

---

[41] Indeed, confirmation of a plan is usually the principal resolution of a chapter 11 case.

[42] 144 S. Ct. 2071.

[43] *Compare* VACATE, Black's Law Dictionary (12th ed. 2024) ("[t]o nullify or cancel; make void; invalidate ('the court vacated the judgment')"), *with* REVOKE, Black's Law Dictionary (12th ed. 2024) ("[t]o annul or make void by taking back or recalling; to cancel, rescind, repeal, or reverse").

[44] *Cf. Sabine Oil & Gas*, 548 B.R. at 679 (noting that a chapter 11 case involves "issuance of innumerable orders involving a myriad of issues, one or more of which may be on appeal at any given moment.") (quoting *Prudential Lines*, 170 B.R. at 244).

10

Section 1144 exists to balance the need for finality in reorganization plans against providing a limited basis to "unscramble the egg" of a confirmed chapter 11 plan if a party discovers and timely raises fraud in its procurement.[45]  Given the structure of the Bankruptcy Code, however, it is somewhat axiomatic that fraud in procuring a confirmation order could only have been discovered after its entry. Had fraud been suspected pre-confirmation, that would have been a basis to object to confirmation on, among other grounds, lack of good faith.[46] This leads the Court to conclude that the section 1144 complaint raises a discrete issue from that on appeal, and as such, the divestiture rule would not necessarily preclude the Court from adjudicating it while the appeal is pending.

Even if not truly jurisdictional, however, the divestiture rule exists to ensure a trial court does not "impermissibly interfere with the appellant's rights in its appeal."[47] To that end, the divestiture rule requires a trial court to consider whether the issues before it, "'although not themselves expressly on appeal, nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process.'"[48] There are several ways the appeal of the confirmation order may be resolved. The District Court may dismiss the appeal or it may affirm this Court on the merits. Or it may reverse or vacate the confirmation order, and remand with instructions to excise or modify the exculpation and injunction provisions or take

---

[45] *In re Mine Hill Anesthesia, LLC*, 658 B.R. 214, 217 (Bankr. S.D. Fla. 2024) (quoting *In re Winom Tool & Die, Inc.*, 173 B.R. 613, 616 (Bankr. E.D. Mich. 1994)).
[46] *See* 11 U.S.C. § 1129(a)(3) ("The court shall confirm a plan only if . . .[t]he plan has been proposed in good faith and not by any means forbidden by law.").
[47] *Old Cold, LLC*, 602 B.R. at 823 (cleaned up) (citing *Whispering Pines Estates v. Flash Island, Inc.*, 369 B.R. 752, 759 (B.A.P. 1st Cir. 2007)).
[48] *Scopac*, 624 F.3d at 280 (quoting *Whispering Pines Estates*, 369 B.R. at 759).

some other action with respect to these provisions. Whatever decision the District Court makes, though, is not likely to moot this adversary proceeding. Conversely, if this Court hears and determines this adversary proceeding and revokes the confirmation order, that will moot the appeal and therefore "impermissibly interfere with the appellant's rights in its appeal."[49] Therefore, as a matter of comity or deference, the Court will stay this adversary proceeding pending resolution of Acute's appeal of the confirmation order.

### C.    Authority to Stay.

Federal Rule of Bankruptcy Procedure 7016(b) – governing pretrial procedures – states that:

> On its own or a party's timely motion, the court must decide whether:
>
> (1)    to hear and determine the proceeding;
> (2)    to hear it and issue proposed findings of fact and conclusions of law; or
> (3)    to take other action.[50]

Rule 7016 was amended to add subdivision (b) in 2016, after *Wellness International Network, Ltd. v. Sharif*[51] – the last of the Supreme Court's "*Stern* trilogy"[52] cases – was decided. It gives bankruptcy courts appropriate flexibility to determine how to address an adversary proceeding that may present complicated questions of jurisdiction, adjudicatory authority, and consent to the bankruptcy court entering final orders and judgments.

---

[49] *Old Cold, LLC*, 602 B.R. at 823 (cleaned up) (citing *Whispering Pines Estates*, 369 B.R. at 759).
[50] Fed. R. Bankr. P. 7016(b).
[51] 575 U.S. 665 (2015).
[52] *Id.*; *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014); *Stern v. Marshall*, 564 U.S. 462 (2011).

Nothing in the rule, however, limits its application to the specific issues raised by the *Stern* trilogy. Rather, its broad language takes into account the nuanced nature of bankruptcy jurisdiction and adjudicatory authority, which would encompass the issues raised in this adversary proceeding. So here, the Court will exercise its discretion to "take other action" and stay this adversary proceeding pending the conclusion of the appeal of the confirmation order.[53]

In addition, Bankruptcy Code section 105(a) provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.[54]

In *Law v. Siegel*,[55] the Supreme Court made clear that section 105(a) does not permit a bankruptcy court to contravene specific provisions of the Bankruptcy Code. Rather, section 105(a) "confers authority to 'carry out' the provisions" of the Bankruptcy Code.[56] By employing section 105(a) together with Rule 7016(b)(3) to stay this adversary proceeding, the Court is ensuring the plaintiffs' rights are preserved, while

---

[53] *See* Fed. R. Bankr. P. 7016(b)(3); *see also* Fed. R. Bankr. P. 1001(a) ("These rules . . . must be construed, administered, and employed by both the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."); *cf.* Fed. R. Civ. P. 16(c)(2)(P) ("At any pretrial conference, the court may consider and take appropriate action on the following matters: . . . (P) facilitating in other ways the just, speedy, and inexpensive disposition of the action.").

[54] 11 U.S.C. § 105(a).

[55] 571 U.S. 415 (2014).

[56] *Id.* at 421 (quoting 11 U.S.C. § 105(a)).

13

at the same time affording comity and deference to the District Court in not taking any action that might interfere with the pending appeal of the confirmation order.[57]

## IV.    CONCLUSION.

Taking the Supreme Court's lead on bringing "some discipline" to "past sometimes-loose use of the word" "jurisdiction," the Court concludes that the divestiture rule is not truly jurisdictional. As such, this Court does not lack subject matter jurisdiction over this adversary proceeding. But, due to the current posture of this case – and as a matter of comity and deference to the District Court – under the authority of 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 7016(b)(3), the Court will stay this adversary proceeding pending the resolution of Acute's appeal of the confirmation order.

Accordingly, it is **ORDERED** that:

1.      This adversary proceeding is **STAYED**.

2.      Within 14 days after the exhaustion of all appeals with respect to the confirmation order, the plaintiffs must move to lift the stay.

3.      Nothing in this order, however, prevents any party from moving to lift the stay earlier based on any other development in the bankruptcy case that a party reasonably believes warrants lifting the stay.

# # #

*Copies furnished to all counsel of record via CM/ECF.*

---

[57] Because the Court is staying this adversary proceeding, it will therefore reserve ruling on the defendants' alternative arguments for dismissal for failure to state a claim upon which relief may be granted, as well as their request for sanctions.

14